IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 9:20-CR-34 Clark-Hawthorn |
| § | |
| JIHAD AZIZ KHALIQ § | |
| AKA QUINZELL LAVELL HAYES II § | |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL - 1 2020

BY
DEPUTY_____

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**Count One**

Violation: 18 U.S.C. § 922(g)(1)
(Possession of a Firearm by a Prohibited Person)

On or about February 7, 2020, in the Eastern District of Texas, **Jihad Aziz Khaliq aka Quinzell Lavell Hayes II**, defendant, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, a firearm, to wit, one High-Point, .40 caliber pistol bearing serial number 106288, while knowing that he had been convicted of a crime or crimes punishable by imprisonment for a term exceeding one year, to wit: Distribution of a Controlled Substance Containing Cocaine Base, Commonly Known as Crack Cocaine, a Scheduled II Controlled Substance in the United States District Court for the Western District of Arkansas, in cause number 2:08CR20009-001 on September 3, 2008.

In violation of 18 U.S.C. § 922(g)(1).

**Firearms Forfeiture Allegation**
(18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c))

1. The allegations contained in Count One of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1) set forth in Count One of this Indictment, the defendant, **Jihad Aziz Khaliq aka Quinzell Lavell Hayes II**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

    a. one High-Point, .40 caliber pistol bearing serial number 106288.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided

without difficulty,

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
GRAND JURY FOREPERSON

STEPHEN J. COX
UNITED STATES ATTORNEY

_____            7/1/2020
TOMMY L. COLEMAN                          Date
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 9:20-CR-34 |
| JIHAD AZIZ KHALIQ AKA QUINZELL LAVELL HAYES II | § § § | |

## NOTICE OF PENALTY

### Count One

Violation:  18 U.S.C. § 922(g)(1).

Penalty:  Imprisonment of not more than ten (10) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.

If the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. 924(e), imprisonment of not less than 15 years and not more than life, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both; a term of supervised release of not more than five (5) years.

Special Assessment: $ 100.00